# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKY LYNN PAYNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15CV157JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Ricky Lynn Payne's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF 1). Movant has also filed a Supplement to his Motion. (ECF 21). The government has filed a Response. (ECF 22). Movant has not filed a timely Reply. As such Movant's Motion is ready for disposition. For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

On December 13, 2005, Movant was charged, by Indictment, with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Indictment charged that, on or about July 23, 2005, in Dunklin County, within

the Eastern District of Missouri, Movant possessed a ".38 Special caliber derringer"; that Movant had been previously convicted, in Missouri, on August 26, 1981, and on January 13, 1993, of the felonies of Burglary and Stealing; that Movant had also been previously convicted, in Arkansas, on January 26, 1987, of the felony of Breaking and Entering; and that each of these prior three felonies was punishable by a term of imprisonment exceeding one year. *United States v. Payne,* Case No. 1:05CR182-1-JCH (E.D. Mo.) (ECF 1).

On February 27, 2006, Movant entered into a written plea agreement, in which he agreed that he had previously been convicted of the felonies as alleged in the Indictment. In exchange for Movant's agreeing to plead guilty, as charged in the Indictment, the Government agreed that no further federal prosecution would be brought in the Eastern District of Missouri in connection with the offense conduct. *Payne,* Case No. 1:05CR182-1-JCH (ECF 25 at 2, 8).

The Probation Office thereafter prepared a Presentence Investigation Report (PSR). (ECF 1.1 at 16-34). The PSR stated that Movant had at least three prior violent felony convictions and was subject to an enhanced sentence under the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (a person who violates § 922(g) and has 3 prior violent felony convictions shall be sentenced for not less than fifteen years); it recommended that Movant be sentenced as an armed career criminal (ACC); and it did not specify which of

Movant's prior convictions constituted violent felonies for purposes of the ACCA. (ECF 1.1 at 20). On May 22, 2006, the Court sentenced Movant to 188 months in prison. *Payne*, Case No. 1:05CR182-1-JCH (ECF 33).

On September 8, 2015, following the Supreme Court's decision in *Johnson*, 135 S.Ct. 2551, Movant filed his § 2255 Motion in which he argues that his Arkansas Breaking and Entering felony conviction is no longer a valid qualifying prior felony conviction under the ACCA, 18 U.S.C. § 924(e), and that, as such, he is being unlawfully detained because of "a wrongful imposition of sentence enhancement under the [ACCA]." (ECF 1 at 9). In the Supplement to his § 2255 Motion, Movant also argues that *Mathis v. United States,* 136 S. Ct. 2243 (2016), supports his claim. (ECF 21). Movant does not contest that the two Missouri second degree burglary convictions specified in the Indictment and the Plea Agreement qualify as predicate violent felony offenses under the ACCA. The Government argues, in its Response, that, even excluding Movant's Arkansas Breaking and Entering felony conviction, he still qualified as an ACC because he had three Missouri second degree burglary convictions which remain qualifying predicate offenses under the ACCA. For the reasons discussed below, the Court agrees with the Government, and will, therefore, deny Movant's Motion.

## DISCUSSION

As explained in *Welch v. United States,* 136 S.Ct. 1257, 1261 (2016):

3

Federal law prohibits any felon—meaning a person who has been convicted of a crime punishable by more than a year in prison—from possessing a firearm. 18 U.S.C. § 922(g). A person who violates that restriction can be sentenced to prison for up to 10 years. § 924(a)(2). For some felons, however, the Armed Career Criminal Act imposes a much more severe penalty. Under the Act, a person who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum sentence of life in prison. § 924(e)(1). Because the ordinary maximum sentence for a felon in possession of a firearm is 10 years, while the minimum sentence under the Armed Career Criminal Act is 15 years, a person sentenced under the Act will receive a prison term at least five years longer than the law otherwise would allow.

In particular, the ACCA, 18 U.S.C. § 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

The ACCA, 18 U.S.C. § 924(e)(2) further provides:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

The italicized portion of § 9249(e)(2)(B(ii) is known as the "residual

clause."

In *Descamps v. United States,* 133 S.Ct. 2276, 2281 (2013), the Supreme Court endorsed the "categorical approach" for determining whether a past conviction is "for a violent felony," under the ACCA, 18 U.S.C. § 924(e). The Court further noted that the categorical approach "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime - i.e., the offense as commonly understood," and held that a "prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

In *Johnson,* 135 S.Ct. at 2557, the Court reaffirmed that the categorical approach should be used to determine whether an offense qualifies as a violent felony under the ACCA. The Court explained that the categorical approach requires that a court "assess[] whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* at 2257. (internal quotation marks and citation omitted). Because deciding whether a crime is covered by the residual clause requires a court to go beyond whether the creation of risk is an element of the crime and to go beyond whether the the physical acts that make up the crime will injure someone, the Court held that imposing an increased sentence under the residual clause of the ACCA is unconstitutionally vague. *Id.*

5

As further explained by the Court in *Welch*, 136 S. Ct. at 1262:

> The vagueness of the residual clause rests in large part on its operation under the categorical approach. The categorical approach is the framework the Court has applied in deciding whether an offense qualifies as a violent felony under the Armed Career Criminal Act. *See id.*, at ——, 135 S.Ct., at 2556–2557. Under the categorical approach, "a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Ibid.* (quoting *Begay, supra*, at 141, 128 S.Ct. 1581). For purposes of the residual clause, then, courts were to determine whether a crime involved a "serious potential risk of physical injury" by considering not the defendant's actual conduct but an "idealized ordinary case of the crime." 576 U.S., at ——, 135 S.Ct., at 2561.
>
> The Court's analysis in *Johnson* thus cast no doubt on the many laws that "require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion." *Ibid.* The residual clause failed not because it adopted a "serious potential risk" standard but *because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense*. In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ——, 135 S.Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ——, 135 S.Ct., at 2560.

In *Welch,* 136 U.S. at 1165, the Court also held that *Johnson* announced a new substantive rule of law that has retroactive effect in cases on collateral review.

The Arkansas "Breaking or Entering" statute, Ark. Code Ann. § 5-39-202 (previously Ark. Code Ann. § 41-3003), which was one of the three predicate felonies specified in Movant's Indictment and Plea Agreement provides:

6

> (a). A person commits the offense of breaking and entering if for the purpose of committing a theft or felony he enters or breaks into any building, structure vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box, or other similar container, apparatus, or equipment.
>
> (b) Breaking or entering is a Class D felony.

The Government does not dispute Movant's assertion that, pursuant to *Johnson,* 135 S.Ct. at 2556, Movant's conviction under the Arkansas Breaking or Entering Statute falls within the ACCA's residual clause and that, therefore, it cannot serve as a predicate offense to Movant's being found an ACC under 18 U.S.C. § 924(e)(2)(B). Rather, the Government contends that Petitioner had two additional qualifying violent felonies which were not specified in the Indictment or Plea Agreement and, therefore, he was properly sentenced as an ACC. Notably, Movant has not taken issue with the Government's contention that he has two convictions, in addition to those specified in the Indictment and Plea Agreement, which qualify as predicate violent felony convictions for his being found an ACC pursuant to 18 U.S.C. § 924(e)(2)(B).

Movant's additional felonies are both for Second Degree Burglary, in violation of Mo. Rev. Stat. § 569.170, the first of which Movant was allegedly found guilty on February 13, 1980, and the second of which he was found guilty and for which he was sentenced, on August 24, 2005. (ECF 22 at 6-7). Although the Government has submitted evidence that Movant was *charged*, in January

7

1980, with violating Mo. Rev. Stat. § 569.170[1] for "knowingly enter[ing] unlawfully a building . . . for the purpose of committing stealing therein," the Government has not documented nor substantiated its assertion regarding Movant's alleged February 13, 1980 *conviction*. (ECF 22.1 at 1).

The Government, however, has provided documentation to substantiate Movant's August 24, 2005 conviction, for which he was sentenced, on that same date, to six years' imprisonment. (ECF 22.3). The charged offense for the August 24, 2005 conviction, states that, "on or about July 16, 2005," Movant "*knowingly entered unlawfully a building* . . . for the purpose of committing stealing therein," in violation of Mo. Rev. Stat. § 569.170. (ECF 22.3 at 6) (emphasis added). Notably, Movant's PSR considered Movant's August 24, 2005 conviction as part of his criminal history (ECF 1.1 at 28), and Movant did not object to its doing so upon his accepting the PSR (ECF 1.1 at 35). The Court will, therefore, consider whether Petitioner's August 24, 2005 conviction may properly be considered a predicate offense for purposes of his being found an ACC.

Prior to *Johnson*, in *Taylor v. United States,* 495 U.S. 575, 599 (1990), the

---

[1] Mo. Rev. Stat. § 569.170, Burglary in the second degree, provides:

> 1. A person commits the offense of burglary in the second degree when he or she knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.
>
> 2. The offense of burglary in the second degree is a class D felony.

8

Supreme Court held that for a previous burglary to qualify as a enumerated violent crime under the ACCA, 18 U.S.C. § 924(e)(2)(B), it must be for the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." In *Taylor*, 459 U.S. at 599, the Court made it clear that only the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime" could qualify as an enumerated violent crime.

Also prior to *Johnson*, in *United States v. Olsson,* 742 F.3d 855, 856 (8th Cir. 2014), upon remand by the Supreme Court for consideration pursuant to *Descamps,* the Eighth Circuit held because the basic elements of "generic burglary" are "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," the basic elements of second-degree burglary under Missouri's second degree burglary statute, Mo. Rev. Stat. § 569.170, "are the same as those of the generic burglary offense." As such, the Eighth Circuit held that a prior conviction under Mo. Rev. Stat. § 569.170 "qualifies as a 'crime of violence' under the categorical approach." *Olsson,* 742 F.3d at 856. The court held, therefore, that a conviction under Mo. Rev. Stat. § 569.170 properly serves as the basis for the sentencing enhancement. *Id. See also United States v. Phillips,* 817 F.3d 567, 569-70 (8th Cir. 2016) (holding that the district court properly found the defendant's Missouri second-degree burglary conviction was a predicate felony under § 924(e) and properly found him to be an

9

ACC).

Although Movant argues that *Mathis v. United States,* 136 S. Ct. 2243 (2016), supports his position regarding his Arkansas conviction, the Court will nonetheless consider whether *Mathis* is relevant to whether Movant's convictions pursuant to Mo. Rev. Stat. § 569.170 qualify as prior violent felonies under the ACC. In *Mathis*, the Court considered whether the defendant's conviction under the Iowa burglary statute qualified as a violent felony for purposes of § 924(e)(2)(B)(ii). Unlike Missouri's second-degree burglary statute, under the Iowa statute, the elements of burglary were broader than those of generic burglary. While "[t]he generic offense [of burglary] requires unlawful entry into a "building or other structure," "Iowa's statute, by contrast, reache[d] a broader range of places: 'any building, structure, [or] land, water, or air vehicle.'" *Id.* at 2250 (*quoting Taylor,* 495 U.S. at 598). "The Iowa statute define[d] one crime, with one set of elements, broader than generic burglary – while specifying multiple means of fulfilling its locational element, some but not all of which (i.e. buildings and other structures, but not vehicles) satisfied the generic definition." *Mathis,* 138 S.Ct. at 2251. Because the elements of Iowa's burglary statute were broader then generic burglary, the Court concluded that the defendant's Iowa "conviction under that law could not give rise to an ACCA sentence." *Id.* at 2257. Because second-degree burglary under Mo. Rev. Stat. § 569.170 is not broader than generic

burglary, the Court's decision in *Mathis* is relevant to the outcome Movant's Motion.

The Court finds, therefore, that, at the time he plead guilty, was convicted, and was sentenced, Movant had three Missouri convictions for second-degree burglary under Mo. Rev. Stat. § 569.170; that these offenses qualified as crimes of violence under 18 U.S.C. § 924(e)(2)(B); and that Movant was properly sentenced as an ACC under the sentencing enhancement of 18 U.S.C. § 924(e)(1). As such, the Court further finds that the claim made by Movant in his Motion is without merit and that he should be denied the relief he seeks.

## CONCLUSION

For the reasons discussed above, the Court finds that Movant was properly sentenced as an ACC in that his three previous convictions for second-degree burglary under Mo. Rev. Stat. § 569.170 qualified as enumerated violent crimes under the ACCA, 18 U.S.C. § 924(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF 1) is **DENIED**, and his claim is **DISMISSED**, with prejudice and that a separate Order of Dismissal with accompany this Memorandum and Order; and

**IT IS FURTHER ORDERED** that, because Movant cannot make a

11

substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 14th Day of November 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE